PAUL B. BARRINGER *v.* E. S. FISHER, Exr., et al.

1. LEGAL TENDER FOR DEBT MADE 11TH SEPT., 1858.— United States legal tender notes are a legal tender in discharge of a contract made 11th September, 1858.

APPEAL from the chancery court of Lafayette county. CLAYTON, J.

The opinion of the court contain a statement of the case.

*H. A. Barr*, for appellant.

The only question in this case is, whether the plaintiff in error was bound to receive legal tender treasury notes of the United States upon a contract made 11th September, 1858. The supreme court of the United States has decided

that he was not, and I file herein the opinion of the court delivered by Chief Justice Chase.

*W. & J. R. Yerger*, for appellee.

Since the opinion of the court declared by Judge Chase, the same question has come again before the supreme court, and the opinion then given, has been overruled, and the supreme court now hold that treasury notes are a legal tender for all debts, whether contracted before or after the passage of the legal tender act. Knox v. Lee, and Parker v. Davis, 11 Wall. 682.

TARBELL, J.:

This cause was instituted in the chancery court of Lafayette county by the complainant against the executors of Samuel W. Evans deceased, to enforce a vendor's lien. A decree having been rendered in favor of the complainant for $3,361 50, and the payment thereof tendered in United States legal tender notes, an agreement was entered into, which presents the only question for our adjudication, and is hereafter given.

At the April term, 1867, of that court, the defendants submitted to the court a motion to enter full satisfaction of the decree, claiming the same to have been fully paid and satisfied, January 4, 1867. Upon the hearing of this motion, the agreement of counsel referred to was presented to the court, and is as follows:

"PAUL B. BARRINGER, *v.* E. S. FISHER, *Executor, etc.,*  } Decree, April term, 1866, for $3,361 50, with interest at 6 per cent from date.

"This day E. S. Fisher, executor as aforesaid, tendered to P. B. Barringer $3,499 87½ in legal tender treasury notes of the United States, in satisfaction of the principal and interest due on said decree, and the said Barringer refused to take the same, and demanded gold or silver, alleging

that nothing is a legal tender except gold and silver, and thereupon it is agreed between the parties that said Barringer shall receive the said legal tender treasury notes subject to the decision of the courts as to whether said legal tender notes stand upon an equality with gold and silver as a legal tender, and that, at the next term of the said court of chancery of Lafayette county, Miss., the said Fisher shall make his motion to have satisfaction entered upon said decree ; and if the court decides that said notes are a good legal tender, and the decision of said court is affirmed by the appellate court, the said payment will be sufficient ; but if the court shall decide otherwise, or if the appellate court should decide otherwise, then the said payment is to be taken and regarded as a credit upon said decree to the extent of its present value in specie, to wit, $1 31, July 4, 1867."

The court sustained the motion, and decreed full satisfaction of the former decree to be entered of record, which was done. Thereupon the plaintiff removed the case to this court and assigns here for error, "the decree of the court below, made the 22d April, 1867, in which it is held and determined that the plaintiff in error was bound to receive at par, and as equal to gold and silver as legal tender, the legal tender notes of the United States, upon a debt contracted on the 11th September, 1858."

It is wholly unnecessary to discuss the question upon which this case is submitted, as the law governing it has been announced by the supreme court of the United States. That court in the cases of Knox v. Lee, and Parker v. Davis, 11 Wall. 682, directed two questions to be argued, namely : 1st. Is the act of congress known as the legal tender act, constitutional as to contracts made before its passage ? 2d. Is it valid as applicable to transactions since its passage ? The questions were accordingly argued ; and, having been considered by the court, both were adjudged in the affirmative and judgment entered accordingly. Although

reversing the former action of that court the decision above quoted will doubtless be adhered to.

This being, therefore, the supreme law of the land, binding upon this as upon all other judicial tribunals, the decree of the court below is affirmed.